UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY LYNN DODSON, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV02-CO-02930-W |
| HUGH EDMONDS, et al., | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

ENTERED
APR 2 6 2004

I.  INTRODUCTION.

Presently before the court are motions for summary judgment, filed separately by the defendants on March 1 & 2, 2004. [Docs. 32 & 35.] The issues raised therein have been fully briefed by both parties. Upon due consideration, the court finds that the motions for summary judgment are due to be denied. However, for the reasons that follow, the court is of the opinion that the plaintiff's constitutional claims are not ripe for decision and as such are due to be dismissed.

II.     FACTS.

Jeffrey Dodson ("Mr. Dodson") filed an action in the Circuit Court of Bibb County on October 30, 2002, naming as defendants Hugh Edmonds, Hugh Edmonds Realty Company, Inc., Hugh Edmonds Discount Company, Inc. (collectively, "Edmonds"), and the City of West Blocton ("City"), a municipal corporation. In June 1994, Mr. Dodson purchased from Edmonds certain real property located in West Blocton. [Compl. ¶ 5.] Around September 2001, Mr. Dodson began experiencing problems with his septic tank. [Compl. ¶ 6.] Mr. Dodson hired a plumber to add a chamber system to his septic tank, which he believed would solve his septic problems. During the repair, the plumber hit a City water main located on Mr. Dodson's property, which was unknown to Mr. Dodson beforehand, and which caused flooding. Mr. Dodson alleges that, at the time of transfer, Edmonds represented to him that it owned all right, title, and interest in the property without encumbrance. [Compl. ¶ 7.] In his complaint, Mr. Dodson states claims against Edmonds for breach of contract, breach of warranty, fraud, and misrepresentation. [Compl. ¶ 12.] Further, Mr. Dodson alleges the presence of the water main on his property constitutes a taking by the City

of West Blocton without due process and without just compensation. [Compl. ¶ 20.] Mr. Dodson also requests a preliminary and permanent injunction enjoining Edmonds from foreclosing on the subject property. [Compl. ¶ 19.] Edmonds has asserted a counterclaim against Mr. Dodson for failure to pay on the executed promissory note in favor of Hugh Edmonds Discount Company. [Doc. # 10.]

The defendants filed a notice of removal in this court on December 2, 2002, asserting the existence of a federal question under 28 U.S.C. § 1331 due to Mr. Dodson's constitutional claims against the City of West Blocton. [Doc. # 1.] The defendants allege this court may exercise supplemental jurisdiction over Mr. Dodson's state law claims. [Doc. # 1.]

III. STANDARD.

The defendants in this case invoke the court's federal question jurisdiction as the basis for removal. For removal under 28 U.S.C. § 1441 to be proper, the federal court must have subject-matter jurisdiction in the case. Although the defendants have not moved for dismissal under Rule 12(b)(1), if the court finds that it is without jurisdiction to entertain any of the claims against the defendants, it may dismiss them on that basis. *See*

*Marshall v. Gibson's Prod., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1979). Furthermore, "ripeness goes to whether the district court [has] subject matter jurisdiction to hear the case. The question of ripeness, like other questions determinative of subject matter jurisdiction, may be raised *sua sponte* by an appellate court." *Greenbriar, LTD v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989).

IV. DISCUSSION.

Mr. Dodson claims that the City of West Blocton violated the Fifth Amendment by taking a portion of his property without just compensation. "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985.) Neither does the Fifth Amendment require a plaintiff to receive just compensation before or at the same time of the taking. "[A]ll that is required is that a 'reasonable, certain and adequate provision for obtaining compensation' exist at the time of the taking." *Id.* (citations omitted.) Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just

Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195.

Under Alabama law, a property owner may bring an inverse condemnation action against a condemnor to obtain just compensation for an alleged taking of property. Ala. Code § 18-1A-32 (1975). The statutory scheme for eminent domain proceedings provides that a condemnor shall commence a condemnation action to exercise its power of eminent domain but, if it does not, the plaintiff may recover through inverse condemnation proceedings. *Id.*

There is no evidence in the record that would suggest Mr. Dodson sought compensation through State procedures and was denied. Although Mr. Dodson is not required to exhaust administrative procedures before bringing a constitutional claim against the City of West Blocton, administrative action does have to be final before this court can review it. As the "Fifth Amendment proscribes takings *without just compensation*, no constitutional violation occurs until just compensation has been denied." *Id.* at 195 (emphasis in original). *See Ruckleshaus v. Monsanto Co.*, 467 U.S. 986, 1013, 1018, n.21 (1984) (stating that if the government provides a

property owner an adequate process for receiving just compensation, and the process "yield[s] just compensation," then the owner "has no claims against the Government" for taking.)

Until Mr. Dodson has unsuccessfully attempted to obtain just compensation through the procedures provided by the State of Alabama for obtaining such compensation, he has not suffered a violation of the Fifth Amendment's Just Compensation Clause. *See Husdon v. Palmer*, 486 U.S. 517, 532 n.12 (1984) (noting that State action does not cause a constitutional injury "unless or until the State fails to provide an adequate postdeprivation remedy for the property loss.")

Mr. Dodson also alleges in his complaint that the City deprived him of his property without due process under the Fourteenth Amendment. [Compl. ¶ 20.] Although there has been no further discussion of Mr. Dodson's due process claim by either party in their respective submissions, the court is of the opinion that this claim is not ripe for decision either. Since Mr. Dodson has not fully articulated his due process theory, the court can only surmise that Mr. Dodson claims the City improperly used its police power when it laid the water main on the subject property without initiating eminent

domain proceedings and as such, his due process rights were violated.[1] "Whether the violation alleged is a taking without just compensation or a deprivation of substantive due process, the decision of a municipality is not ripe for review unless that decision is final and definite with respect to the property at issue." *Greenbriar, LTD. v. City of Alabaster*, 881 F.2d 1570, 1573 (11th Cir. 1989). Mr. Dodson maintains that his property is virtually worthless due to the water main's presence. Jerry Fondren, Water Superintendent for the City, states that he knows of no codes or regulations that would prevent Mr. Dodson from improving his property or making repairs to it. [Fondren Decl. at 3.] Before the court can consider whether the City overstepped its police powers, Mr. Dodson must demonstrate that the challenged decision is final. *Id.* at 1574. Mr. Dodson has not shown that the City has made any decision, much less a final one, regarding the water main on his property. Therefore, Mr. Dodson's cause of action is not ripe, whether he states a claim for deprivation of property without due process or a taking without just compensation.

---

[1] The subject pipe was laid as a part of a WPA project in the 1930s. [Fondren Decl. at 2.]

V.   CONCLUSION.

In sum, both Mr. Dodson's Fifth Amendment and Fourteenth Amendment claims against the City of West Blocton are due to be dismissed due to this court's lack of subject matter jurisdiction over them. Furthermore, the court declines to exercise supplemental jurisdiction over the remaining state claims. See 28 U.S.C. § 1367(c)(3). The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 26th of April, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE